IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2006

## THOMAS H. PLEASANT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 05-CR-8752     R. Lee Moore, Jr., Judge**

_____

**No. W2005-02885-CCA-R3-HC  - Filed April 20, 2006**

_____

The petitioner, Thomas H. Pleasant, pled guilty in the Davidson County Criminal Court to second degree murder, attempted first degree murder, and aggravated robbery, and he received a total effective sentence of eighteen years in the Tennessee Department of Correction. Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging that the 1989 Sentencing Act is unconstitutional under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The habeas corpus court summarily denied the petition, and the petitioner appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Thomas H. Pleasant, Tiptonville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On March 16, 1998, the petitioner was indicted by a Davidson County Grand Jury for first degree murder, attempted first degree murder, and aggravated robbery. Thereafter, on October 29, 1998, the petitioner pled guilty to second degree murder, attempted first degree murder, and aggravated robbery. He received an eighteen-year sentence for each of the murder convictions and a twelve-year sentence for the aggravated robbery conviction. The petitioner was required to serve one hundred percent of his second degree murder sentence in confinement, with all of the sentences to be served concurrently for a total effective sentence of eighteen years.

Subsequently, the petitioner filed in the Lake County Circuit Court a petition for a writ of habeas corpus. Therein, the petitioner argued that the 1989 Sentencing Act was unconstitutional because it allowed the trial court, not the jury, to find the existence of enhancement factors. The habeas corpus court denied the petition without appointing counsel or conducting an evidentiary hearing, finding that the petitioner's sentences were not void. The petitioner now appeals that dismissal.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

On appeal, the petitioner argues that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), renders Tennessee's 1989 Sentencing Act unconstitutional, thereby voiding his sentences. In Blakely, the United States Supreme Court explained that the "'statutory maximum' for Apprendi[v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 542 U.S. at 303, 124 S. Ct. at 2537. Recently in State v. Gomez,163 S.W.3d 632, 661 (Tenn. 2005), a majority of our supreme court found that, unlike the sentencing scheme discussed in Blakely, "Tennessee's sentencing structure does not violate the Sixth Amendment." Accordingly, we conclude that the 1989 Sentencing Act is not unconstitutional, and the petitioner's sentences are not void. Furthermore, this court has previously held that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005), perm. to appeal denied, (Tenn. 2005). As such, we conclude that the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE